IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–02654–REB–KMT

ALEX MEDINA,

      Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
MARGARET HEIL, in her individual and official capacity,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case involves a claim that Defendants violated Plaintiff's procedural due process rights under the Fourteenth Amendment.  Plaintiff filed his Complaint on December 8, 2008, ([Doc. No. 3] [hereinafter "Compl."]), bringing claims against the Colorado Department of Corrections (hereinafter "CDOC") and Margaret Heil (hereinafter "Heil") in her individual and official capacities.  This matter is before the court on Defendants' "Motion to Dismiss."  ([Doc. No. 16] [filed March 9, 2009] [hereinafter "Mot."].)  On July 24, 2009, this court granted Plaintiff an extension of time to August 13, 2009 file a Response.  (Doc. No. 22.)  Plaintiff has failed to file any Response as of this date.  Jurisdiction is premised upon 42 U.S.C. § 1983 (2008).  This motion is ripe for review and recommendation.

## STATEMENT OF THE CASE

The following facts are taken from Plaintiff's Prisoner Complaint and the parties' submissions with respect to this Recommendation.  Plaintiff is an inmate in the custody of the CDOC.  (Mot. at 1.)  Plaintiff states that in 1998 he was charged with a sex offense in Weld County District Court in a case referred to throughout the Complaint as "Case No. 98CR1717" (hereinafter "Weld County case").  (Compl. at 4.)  Plaintiff claims the charge was eventually "withdrawn" by the District Attorney's Office and that the case was subsequently dismissed.  (*Id.* at 4.)  Thereafter, at some point, Plaintiff was incarcerated in the CDOC.  Plaintiff maintains that during the time period relevant to this litigation, Defendant Heil was the "Director and founder of the [CDOC's] Sex Offender Treatment and Monitoring Program[,] . . . responsible for [offenders'] sex offender ratings . . . and SOTMP system-wide clinical functioning."  (*Id.* at 5, 2.)  Plaintiff states that sometime during the year 2001, he petitioned the Weld County District Court to seal his Weld County case.  (*Id.* at 4.)  Plaintiff claims his petition was granted and the records were sealed on July 27, 2001.  (*Id.*)

Although Plaintiff did not separate his claims, reviewing the Complaint liberally as this court must, *see Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007), the court construes the Complaint as alleging three separate and distinct claims.[1]

---

[1] Hereinafter, Plaintiff's claims shall be referred to as Claims One, Two and Three. Although Plaintiff has not designated his claims as such, he has clearly separated them into distinct claims by referring to each sequentially, i.e. first, second, third.

In Claim One, Plaintiff alleges that on February 23, 2001, Defendants CDOC and Heil conducted a hearing at which "the [CDOC] used Case No. 98CR1717 to classify the plaintiff . . . as a S-2 sex offender." (*Id.* at 3, 4.) Plaintiff claims that, as a consequence, he was required to participate in sex offender treatment within the CDOC. (*Id.* at 4.) Plaintiff states that despite having a hearing, he was "completely unable to present any rebuttal or to marshal a defense as he could not obtain or access the sealed records [from the Weld County case]." (*Id.* at 5.) Plaintiff claims that this constitutes a violation of his procedural due process rights under the Fourteenth Amendment.

In Claim Two, Plaintiff alleges that there was no "factual basis" for his classification as a sex offender. (*Id.*) Plaintiff claims that his classification "is contrary to [Colorado] state law," as codified in Colo. Rev. Stat. § 16-11.7-105 and pursuant to the Colorado Supreme Court's decision in *People v. Rockwell*, 125 P.3d 410 (Colo. 2005). (*Id.*) Plaintiff maintains that, as a consequence, "he was denied proper due process by the defendants." (*Id.* at 6.)

In Claim Three, Plaintiff states that on July 8, 2008 he was transferred from CCA/Kit Carson Correctional Facility (hereinafter "KCCC"), a Level III medium security facility, to the Skyline Correctional Facility (hereinafter "Skyline"), a Level I minimum security facility. (*Id.* at 4.) Plaintiff claims that upon arrival at Skyline, he learned that his sex offender rating had been changed from S-2 to S-4 and that, as a result, he should not have been transferred to a Level I security facility. (*Id.* at 4–5.) Plaintiff states that he was transferred back to KCCC six days later. (*Id.* at 5.) Plaintiff does not provide the date on which he was reclassified. Plaintiff maintains that he was never provided a hearing in which to present a defense against his

3

reclassification, in violation of his Fourteenth Amendment procedural due process rights.  (*Id.* at 6.)

Plaintiff seeks declaratory and prospective injunctive relief.  (*Id.* at 8.)  Plaintiff requests an Order enjoining Defendants: 1) from classifying him as a sex offender; 2) from requiring Plaintiff to attend sex offender treatment; and 3) from using "unadjudicated" information to classify him or other inmates as sex offenders.  (*Id.*)  Plaintiff also seeks declaratory relief, in the form of a declaration that: 1) Defendants violated Plaintiff's procedural due process rights under the Fourteenth Amendment; and 2) the use of "unadjudicated" information by the Defendants to classify him as a sex offender is unconstitutional.  (*Id.*)

Defendants move to dismiss the Complaint on the following grounds: 1) Plaintiff's Claim One is barred by the applicable statute of limitations; 2) Defendants are entitled to immunity under the Eleventh Amendment; 3) Plaintiff has failed to allege Defendant Heil's personal participation in any unconstitutional activity; 4) Plaintiff has failed to state a Fourteenth Amendment claim upon which relief may be granted; 5) Plaintiff's claims based on violations of Colorado law fail to state a claim upon which relief may be granted; and 6) Defendants are entitled to qualified immunity.  (Mot.)

## LEGAL STANDARD

### *1.*     **Pro Se** *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell*, 472 F.3d at 1243 (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-

4

21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

**2.      *Fed. R. Civ. P. 12(b)(6) - Failure to State a Claim Upon Which Relief Can Be Granted***

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6) (2007).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."  *Hall v.*

*Bellmon*, 935 F.2d 1006, 1198 (10th Cir. 1991).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The *Iqbal* evaluation requires two prongs of analysis.  First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory.  *Id*. at 1949–51.  Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief."  *Id*. at 1951.  If the allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id*. at 1950.

Notwithstanding, the court "need not accept conclusory allegations without supporting factual averments."  *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1940.  Moreover, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.  Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. at 1949 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

6

the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*,129 S. Ct. at 1949

(citation omitted).

## ANALYSIS

### *1.    Eleventh Amendment Immunity*

Section 1983 imposes civil liability upon any "person" who subjects another to a

constitutional deprivation.  42 U.S.C. § 1983.  Section 1983 provides a federal forum to remedy

many deprivations of civil liberties, but it does not provide a federal forum for every such

litigant.  It is well-established that "the Eleventh Amendment precludes a federal court from

assessing damages against state officials sued in their official capacities because such suits are in

essence suits against the state." *Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994).  Absent

an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable

abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity

from suit in federal courts for states and their agencies.  *Atascadero State Hosp. v. Scanlon*, 473

U.S. 234, 241 (1985).

Here, Plaintiff has asserted claims for declaratory and injunctive relief against the CDOC,

a state agency, in Claims One, Two and Three.  However, a claim for relief against the state

itself, or a state agency, is barred by the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781,

782 (1978); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984)

("It is clear, of course, that in the absence of consent a suit in which the State or one of its

agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . .

This jurisdictional bar applies regardless of the nature of the relief sought." (internal citations

omitted)); *Allen v. Figuera*, 2008 WL 4829744, at *1 (D. Colo. 2008) ("the CDOC, as an agency of the State, is immune from suit, whether for monetary damages or injunctive relief, under the Eleventh Amendment").  There has been no waiver of immunity by Colorado or its state agencies from suits under Section 1983, nor has Congress abrogated such immunity.  Therefore, the CDOC is entitled to absolute immunity under the Eleventh Amendment against all claims brought by Plaintiff.

**2.      *Claim One***

Plaintiff claims that his procedural due process rights were violated when the Defendants used "illegally obtained documents from [the Weld County case]" to classify him as a sex offender during the February 23, 2001 hearing.  (Compl. at 4.)  Defendants contend that this claim is barred by the applicable statute of limitations.  (Mot. at 3–4.)  Although Section 1983 does not, itself, contain a statute of limitations, *see Blake v. Dickason*, 997 F.2d 749, 750–51 (10th Cir. 1993), "the applicable statute of limitations in Section 1983 actions is generally the residual statute of limitations for personal injury actions in the forum state."  *Nicholas v. Boyd,* 317 F. App'x 773, 777 (10th Cir. 2009) (citing *Owens v. Okure*, 488 U.S. 235, 249–50 (1989)).  "In Colorado, the applicable statute of limitations is two years."  *Id.* (citing Colo. Rev. Stat. § 13-80-102; *Blake*, 997 F.2d at 750–51).  *See* Colo. Rev. Stat. § 13-80-102(1)(g) (establishing a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute"); Colo. Rev. Stat. § 13-80-102(1)(i) (establishing a two-year limitation period for "[a]ll other actions of every kind for which no other period of limitation is provided").

Although Colorado law supplies the applicable statute of limitations, federal law governs the accrual of a federal cause of action. *Nicholas,* 317 F. App'x at 778 (citing *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998)). Section 1983 claims accrue, for the purpose of the statute of limitations, "when the plaintiffs know or should know their rights have been violated." *Id., see also City of Enid*, 149 F.3d at 1154 ("A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action"). "The test is an objective one, with the focus 'on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm.'"[2] *Id.* (citing *Alexander v. Oklahoma*, 382 F.3d 1206, 1216 (10th Cir. 2004)).

Plaintiff's initial classification as a sex offender on February 23, 2001 on the basis of information from the Weld County case is the alleged injury forming the basis of this claim. (Compl. at 4, 5.) Plaintiff does not indicate when he learned that his classification as a sex offender was based on the prior charge. However, the fact that there was a hearing held prior to February 23, 2001 at which Plaintiff was present and was classified as a sex offender would put a reasonable person—who, like Plaintiff, believes he is undeserving of such a classification—on notice that alleged wrongful conduct occurred. Therefore, Plaintiff's Claim One accrued no later than February 23, 2001. As Plaintiff filed his Prisoner Complaint on December 8, 2008 (Doc. No. 3), over seven years after his claim accrued, the court finds that Plaintiff's Claim One is

---

[2] Federal Rule of Civil Procedure 12(b)(6) is a proper vehicle for dismissing a complaint for noncompliance with the limitations period. *See Aldrich v. McCulloch Props.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("Statute of limitations questions may . . . be appropriately resolved on a [Federal Rule of Civil Procedure] 12(b) motion").

time-barred.  Furthermore, Plaintiff has failed to provide a factual basis upon which to justify

tolling the applicable statute of limitations in these circumstances.  *See Aldrich v. McCulloch

Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980) ("when the dates given in the

complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden

of establishing a factual basis for tolling the statute.").

 Plaintiff's requests for prospective declaratory and injunctive relief based on "defendants

use of unadjudicated information that does not establish a factual basis" (Compl. at 8), are

explicitly anchored in the allegations contained in Claim One, i.e. that Plaintiff's initial

classification as a sex offender in 2001 based on the Weld County case violated his Fourteenth

Amendment rights (*see id.* at 4).  Since Claim One is barred by the two-year statute of limitations

applicable in Section 1983 cases, all requests for relief based on Claim One are also time-barred.

Therefore, Claim One against Defendant Heil, in her individual and official capacities, is

properly dismissed with prejudice.

**3. *Claim Two***

 Plaintiff claims that his classification as a sex offender violated Colorado state law as

codified in Colo. Rev. Stat. § 16-11.7-105 and pursuant to the Colorado Supreme Court's

decision in *People v. Rockwell*, 125 P.3d 410 (Colo. 2005).  However, a violation of Colorado

law does not give rise to a cause of action under Section 1983.  *See Malek v. Haun*, 26 F.3d

1013, 1016 (10th Cir. 1994) ("a violation of state law alone does not give rise to a federal cause

of action under § 1983").  The court finds that Plaintiff has failed to state a claim upon which

relief may be granted in Claim Two, and therefore, this claim against Defendant Heil, in her individual and official capacities, is properly dismissed with prejudice.

**4.    *Claim Three***

In Claim Three, Plaintiff alleges his sex offender classification was changed without affording him a hearing, in violation of his Fourteenth Amendment procedural due process rights. (Compl. at 4–6.) Plaintiff requests relief in the form of: 1) a declaration that his reclassification violated his procedural due process rights under the Fourteenth Amendment; and 2) injunctive relief "barring defendants from classifying [him] as a sex offender and/or requiring sex offender treatment." (*Id*. at 8.)

**A.    *Personal Participation***

As to claims against Defendant Heil in her individual capacity, personal participation is an essential allegation in this Section 1983 civil rights action. *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976). To establish personal liability, Medina must show that Defendant Heil caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant Heil's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

"Courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210,

1215 n.2 (10th Cir. 2007).  "[T]o state a claim in federal court, a complaint must explain what

each defendant did to him or her; when the defendant did it; how the defendant's action harmed

him or her, and what specific legal right the plaintiff believes the defendant violated." *Nasious*

*v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's Claim Three does not contain a single factual allegation concerning Defendant

Heil's personal participation in Plaintiff's reclassification or his transfer between prison

facilities.  Insofar as Plaintiff seeks to hold Defendant Heil responsible in her individual capacity

solely on the basis of her supervisory position over the Sex Offender Treatment and Monitoring

Program for actions taken by her subordinates, such vicarious liability is inapplicable to Section

1983 suits.  *Iqbal*, 129 S. Ct. at 1948.

### B.    *Ex Parte Young*

As to Claim Three against Heil in her official capacity, the Supreme Court has

recognized an exception to Eleventh Amendment immunity for actions where a plaintiff is

seeking prospective enforcement of federal rights.  *See Ex Parte Young*, 209 U.S. 123, 159–60

(1908); *Hunt v. Colo. Dept. of Corr.*, 271 F. App'x 778 (10th Cir. 2008).  The *Ex Parte Young*

exception applies when a plaintiff seeks only declaratory and/or injunctive relief and has alleged

an ongoing violation of federal law by state officials acting in their official capacities.  *See*

*Tarrant Reg'l Water Dist. v. Sevenoaks*, 545 F.3d 906, 911 (10th Cir. 2008); *Hill v. Kemp*, 478

F.3d 1236, 1255–56 (10th Cir. 2007); *Ellis v. Univ. of Kansas Medical Center*, 163 F.3d 1186,

1196 (10th Cir. 1998) ("While the Eleventh Amendment bars federal court jurisdiction over a

state agency for both money damages and injunctive relief, or a state official acting in her

12

official capacity in a suit for damages, a suit for prospective injunctive relief against a state

official acting in her official or individual capacity may still be brought in federal court pursuant

to the *Ex Parte Young* doctrine.").

In order to invoke *Ex Parte Young*, Medina must name as defendant the state official who

has "a particular duty to 'enforce' the statute in question and a demonstrated willingness to

exercise that duty." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir.

2007) (quoting *Ex Parte Young*, 209 U.S. at 157). Plaintiff brings his official-capacity claim for

prospective relief against Defendant Heil, who was the "Director and founder of the [CDOC's]

Sex Offender Treatment and Monitoring Program[,] . . . responsible for [offenders'] sex offender

ratings . . . and SOTMP system-wide clinical functioning." (Compl. at 5, 2.)

Next, to fit within the *Ex Parte Young* provision, Plaintiff alleges that his reclassification

to a higher sex offender level constitutes an ongoing violation of the Due Process Clause of the

Fourteenth Amendment. *See Tarrant*, 545 F.3d at 911. "The Due Process Clause guarantees due

process only when a person is to be deprived of life, liberty, or property." *Chambers v. Colo.

Dept. of Corrs.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (quotations omitted). A plaintiff must

make two showings to perfect a procedural due process claim. *See Bartell v. Aurora Pub. Schs.*,

263 F.3d 1143, 1149 (10th Cir. 2001) (overruled on other grounds). First, he must show he

possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th

Cir. 2001). Second, he must show the procedures used in addressing his liberty interest were

inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149. The Supreme Court has held

that, for prisoners, a liberty right exists only where an interference with that right would impose

an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995).

Plaintiff has not alleged that he has suffered any hardship as a result of his reclassification. According to the Complaint, the only consequence of Plaintiff's reclassification was the reversal of his July 8, 2008 transfer from KCCC to Skyline. (Compl. at 4.) The court construes this as an allegation that Plaintiff possessed and was deprived of a liberty interest in remaining at Skyline, a minimum security facility, rather than returning to KCCC, a medium security facility. Prisoners do not have a constitutionally recognized liberty interest in a particular security classification nor a constitutional right to be confined in particular prison. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976) ("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections so long as prison officials have discretion to transfer him for whatever reason or for no reason at all."); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) ("Changing an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."). Moreover, "[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional

14

security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).  Inmate classification is a matter within the discretion of prison officials.  *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976).

Consequently, the court finds that Plaintiff has failed to state a claim for deprivation of a liberty interest—that his reclassification imposed an atypical and significant hardship in relation to the ordinary incidents of prison life.  *Sandin*, 515 U.S. at 484.  Having failed to satisfy the first prong of the procedural due process analysis, there is no cause to examine whether the process afforded was adequate.  *See Bartell*, 263 F.3d at 1149.  As such, Plaintiff's Claim Three does not allege an ongoing violation of federal law as is required to properly assert a claim for prospective injunctive relief against a state official under the *Ex Parte Young* exception to Eleventh Amendment immunity.

Further, *Ex Parte Young* makes it clear that the exception "may not be used to obtain a declaration that a state officer has violated a plaintiff's federal rights in the past" or as a means for seeking money damages.  *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 495 (10th Cir. 1998) (citations and quotations omitted).  Therefore, Defendant Heil is properly dismissed, in both her official and individual capacities, as to Claim Three.

## 5.      *Qualified Immunity*

Defendants contend that Defendant Heil is entitled to qualified immunity.  (Mot. at 9.) Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  When analyzing the issue of qualified

15

immunity, the court must determine (1) whether the plaintiff has sufficiently alleged violation of

a statutory or constitutional right; and (2) whether the right was clearly established at the time of

the violation.  *Pearson v. Callahan*, 129 S. Ct. 808, 817 (2009).  As the court has found that

Plaintiff has not sufficiently alleged a violation of his Fourteenth Amendment rights by

Defendant Heil, she is entitled to qualified immunity against any claims for damages asserted

against her individual capacity.  However, since Plaintiff only seeks declaratory and injunctive

relief, such immunity is of no consequence.

       **WHEREFORE**, for the foregoing reasons, the court respectfully

       **RECOMMENDS** that Defendants' "Motion to Dismiss" (Doc. No. 16) be **GRANTED**

and that this case be **DISMISSED** in its entirety.

## ADVISEMENT TO THE PARTIES

       Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d

at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be

both timely and specific to preserve an issue for *de novo* review by the District Court or for

appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining

Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the

Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file

objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see,

Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not

apply when the interests of justice require review).

     Dated this 23rd day of September, 2009.

**BY THE COURT:**

_____

Kathleen M. Tafoya
United States Magistrate Judge